Haynes, J.
This case is brought into this court upon appeal from a •certain order that was made by the court of common pleas •in the case. The original petition was filed by Minerva T. Russell in the common pleas for the assignment of dower in •certain property in Lucas county. Thereupon an answer ■was filed by one of the defendants, who was the owner of a portion of the premises, or had an interest in the land, praying for a partition of the premises, and praying also, perhaps, with reference to certain taxes which had been paid. 'Such proceedings were had in the court of common pleas that the court found that the plaintiff was entitled to dower in the premises described in the petition; that as between defendant Charles A. Russell, and Rowland E. Russell, ■Charles A. Russell is the owner of an undivided two-thirds interest, and Rowland F. Russell, in like manner, of a one-third interest therein. And it was ordered that a writ be issued to the sheriff of Lucas county, to assign dower in said ^premises to the plaintiff. This writ was issued in June, *47 After the issuance of the writ, commissioners were appointed to make partition. The commissioners made a report to the court on November 11th, 1897, whereupon the court, proceeded to affirm the action of the commissioners,and proceeded to make certain findings and orders. Among other things they found the value of her dower, acting under sec. 5714a, Revised Statutes: “The court further finds that at the time of the .filing of the petition herein, the plaintiff was fifty-eight years of age, and that the value of said do,wer in money is the sum of $700.88.” And thereupon, under that same section, it proceeded to order that the property, or so much thereof as might be necessary, should be sold and the amount of her dower paid to her.
It was to this order of the court that an appeal was taken, objection being made that the court erred in the amount that it found the value of the dower to the widow to be.
We have very serious doubts whether this is an appealable matter. Unquestionably, under the decision in 49 Ohio St., 374 (McRoberts v. Lockwood et al.,) it is held that an appeal may be allowed in a case of partition. At the same time, while the court held that an appeal might be taken from a final order and decree in partition, it held that there could be no appeal from the action of the court confirming the partition. For that reason we have very serious doubt whether the proceedings which were had in this case after the decree that was taken in July, finding that the plaintiff was entitled to dower, could be appealed from; but inasmuch as there has been, under sec. 5714a, a finding of the amount and value of the dower, we have concluded to hold that the case is properly in this court.
There is no disagreement her.e about the facts of the case. The conlention of counsel in this court seems to be that the court of common pleas should have ordered a sale of the whole property, as upon partition, and that the proceedings *48 should have been governed by the law of partition, and claims his cross-petition should operate to change the action for dower to one for partition and dower.
Upon consideration, we are of the opinion that the defendant had no right by his answer and cross-petition in partition to change the case from dower to partition and dower; in other words, we hold that the case should have proceeded as it originally was commenced — as an action in dower and for the assignment of dower, to be governed by the chapter of the statutes relating to the assignment of dower.
Under chapter seven the widow is assigned a dower by metes and bounds, or else an interest in the rents and profits. But lately a supplementary statute has been passed by the legislature, which is now known as sec. 5714a, which provides that under certain circumstances, where there are unimproved lands or woodlands which are unproductive, she has other and different rights: that she has a right to have the amount and value of her dower interest fixed, and that she be paid the amount out of the proceeds of sale. Whether she could do that in a partition, is a matter that perhaps we need not decide here. It is sufficient to say that they are distinct proceedings, and we see,in reason, no right that defendant has,to come here and substitute a proceeding in partition for a proceeding in dower. For that reason, we hold that the answer of Russell should not have been regarded, and that the proceedings should have gone forward as for proceedings in dower alone.
I come now to the real controversy in this case — for I fake it that the supposition on the part of counsel for defendants, is that if the proceedings should go forward as partition proceedings, and if plaintiff elected to take a portion of proceeds of the sale of the property, that then she would only take a certain portion of the amount for which the land might be sold, whereas under sec. 5714a a different right is given her. Sec. 5714a, provides:
*49 “When an estate of which a widow or widower is dowable, or in which a widow or widower owns a dower or curtesy interest, heretofore assigned to or vested in her or him, consists, in whole or part, of timber lands or other unimproved lands or lots, commissioners, appointed as hereinbefore provided, shall return to the court a true appraisement of such lands in money, and also a true appraisment of the annual rental value thereof, and if it shall appear to the court, upon the hearing of such report, that the assignment of dower or curtesy in such land, either by metes and bounds or as of the rents, issues and profits, cannot be or has not been made so as to provide such widow or widower with an income from the lands or lots so charged commensurate with the value of the same, as fixed and determined by said commissioners, the court shall determine the value of such dower or curtesy in money, and make an order directing the sheriff to advertise and sell the lands so charged with dower or curtesy, or so much thereof as may be necessary, as upon execution. * * .”
It will be noticed that this only applies to a certain class of lands. In lands which are improved, or lands which are valuable and productive, the widow is still endowed either with one-third of the premises, or one-third of the rents and profits, as the law stood before the passage of this section. Hut, in unimproved lands, for the purpose of enabling her to have some benefit of dower, provision is made for her as in this section provided. Now it is objected here that the court, in finding the value of the premises, have found it as of one-third the face value of the property — or might find it of that valuation. The statute provides: “the court shall determine the value of such dower or curtesy in money;” the court is not limited to taking one-third of the land, but is to ascertain, as near as he can, the value of her dower interest.
It is contended that the way to ascertain the value of the lands is to sell them, and that the plaintiff should be endowed with one-third of the proceeds that may arise out of *50 the sale of the lands. Now, we cannot agree to that rule; we do not think the court is bound by any rule of that kind. She has a right to have assigned to her a one-third interest in the real estate. No better way, perhaps, could be found than to have the value fixed by appraisers, as it was fixed in this case, and then, when the court ascertains what the value of the land is, by appraisement or by hearing testimony, then it would also proceed to ascertain the fair value of her interest in that — that is to say, her third. That, in this case, the court has proceeded to do. The statute then provides that the “court shall make an order directing the sheriff to advertise and sell the lands so charged with dower or curtesy, or so much thereof as may be necessary, as upon execution,” And that the court did in the case at bar, and we think the action of the court was correct, and the order of the court is that the same order be entered in this court as was entered in the court of common pleas.
Hamilton & Kirby, for Plaintiff.
A. P. Grane, for Defendant.